We next have In Re. Sterling United, Ring v. First Niagara Bank. Good morning. Arthur Baumeister on behalf of the Bankruptcy Trustee, John Ring. May it please the Court. As I'm sure the Court is aware, the question here is whether or not the Bank has a perfected security interest as a result of the financing statement that it filed back between 2005-2007. The standard that was applied by the lower court was one where they found that the collateral description was ambiguous, but if there's any ambiguity, it's sufficient. We don't believe that that should be the proper standard. We believe that the UCC requires more. And for this reason, there are various degrees of ambiguity. In this case, we've shown in the record that some searchers may not recognize the ambiguity. Do we have here anything like what we have in insurance context of a contra preferentum? That is, is there anything in this kind of thing that says it should be read against the person who provides it? I haven't seen that argued. You know, an ambiguity of this sort in an insurance contract, we know very well what we're supposed to do. Here, I don't see that. I mean, assuming there's an ambiguity, which I'm not – we'll have to see whether there's an ambiguity. But assuming an ambiguity, is there any rule that it ought to be read in favor of one party rather than the other? I don't believe that there's a specific rule. But if you look at the UCC statute and you look at the commentary there, too, what tends to be relied on is the fact that financing statements create a notice filing system. It's right in the commentary that it's to provide knowledge as to the potential existence, if you will, of collateral. Isn't that rather the opposite of a contra preferentum? It's something that says so long as it's good enough to put somebody on notice, it's good enough. Right. But, see, there are limitations to that because you couldn't just put in a financing statement, well, we've got some collateral here, okay? We've got property. That would serve notice that you have a lender who is claiming that they have a security interest and would create a duty to inquire. Of course, this one says there's an interest in all assets of the debtor, and then maybe they should have stopped there, but instead they say including but not limited to. That's correct. So tell me where the ambiguity is when something says including but not limited to. Well. Why would we interpret that to maybe mean limited to? Because if you go on further in this convoluted description of collateral, it says all assets including but not limited to certain categories and located. Now, the word and. Wouldn't you expect, if you were saying that, all assets located at this address including but not limited? That is, the way the place where the address is put in this sentence is one that, in a normal reading, would be under the including but not limited. It might be a slight ambiguity because it could have been put someplace else in the sentence, but isn't that enough to put anybody on notice? I would disagree, Your Honor, because if you took out the word and, then it reads properly. It says all assets including but not limited to the list of assets located at or used in the business at, but this uses the word and. Right, because and is paralleling owned and hereafter acquired with located at, and they're both inside including but not limited to. Well, as Dr. Chavez pointed out, when you're paraphrasing this from a linguistic standpoint, if you're reading this and you're reading a list of... There's a problem with this, you know. I mean, Sister Frances Paula taught me in the sixth grade how to diagram sentences. It seems to me there's only one way to diagram this sentence and to do that by prescriptive grammar. Now, linguists can come in and say, oh, people do all kinds of things and they mean all kinds of things by it, but if courts were to apply that kind of standard to how they read statutes, nothing would ever be clear. We have to let drafters use English in a standard way, and it seems to me quite clear. I see no ambiguity here in this, absolutely none, because of the way the participles, which are both past participles, owned and hereafter acquired and located at, those are all parallel to each other. You can't make them parallel to including but not limited to. You've got to get end located outside of including but not limited to, and the only way to do that is to say it's including end located, and that makes no sense whatsoever by any form of prescriptive English grammar. Now, I think it makes the word and, if you take the word and out, then it clearly is unambiguous, including but not limited to these assets located at this address. The use of the word and is what makes it ambiguous. But wait a minute. So you think there's an ambiguity about owned and hereafter acquired because hereafter acquired should be made parallel to including because there's an end to, but it's an end that links two things, and the question is what two things does it link? Right. Is the location a condition of the collateral? Yes. I believe it can be read that way, and it would be read that way because, as you pointed out, they should have stopped at all assets. What is the meaning of having the location? But then what is the meaning of any of this? I mean, that argument applies to the whole thing, the whole including but not limited to clause. If the location is inside the including but not limited to clause, it does not limit all assets. Right. But if it's outside, it does. Yes. So tell me how it gets outside. It does limit the assets. It could easily be outside. It could say all assets located at this address. Right. Including but not limited to. Including but it isn't. It's inside. But a reasonable paraphrase of that sentence does create that very language. We don't work with paraphrases. We work with texts. Right? When you have a statute, you don't say, oh, the statute means what a reasonable paraphrase of the statute might mean. It's not about reasonable paraphrases. It's about what the text actually says. Right. Well, the problem that I see here is that the use of a location, I know what you're saying, that it's included and you could put a location, you could put that, you know, including assets located on the moon under that. But here, the reference to the address is unusual. It's, first of all, the address in a financing statement is in the address, is in the If it's in there, you would think it would mean something. Well, but you would think that, but it does mean something because whenever you say including but not limited to, you're doing something to emphasize that certain things are included. Now, maybe that's not necessary. Maybe if you say all assets of the debtor, you should put a period there and that would be very simple. But if you want to emphasize all assets, including this one machine, which is the most expensive item, and we want to make darn sure that that's there. So we say including but not limited to this machine, right, which is the one that's located at a particular place. That's the one we really want. That's definitely included. But it is all assets. And we're just emphasizing that. Why is a location any different than any other thing that you put into the including clause? Well, it's, it is superfluous. I mean, it doesn't say anything about any other locations. Well, because perhaps at the time the location everyone was most concerned about was this one, but they wrote it in terms of all assets, though specifying, as Judge Lynch said, ones that were of particular interest to them at the time. But that doesn't, that doesn't alter the fact that what was perfected was all assets of the defendant. All right. Why don't, is there anything else you want to use your last 30 seconds for before we let opposing counsel argue? Well, you know, I think that the court needs to look at the revisions to the UCC that were intended to simplify the whole system, and especially the seriously misleading section where the drafters did not change seriously misleading but delineated what it means in name cases. And here you have something that I believe is very similar. I believe that, you know, there are some searchers who would not recognize this ambiguity, and if so, they wouldn't inquire. And even if they did inquire, based on their understanding of the ambiguity, they would have went to a location where there were no assets. So when the UCC drafters allowed financing statements to use the terminology all assets, it was to avoid this very situation. And I think there's legislative history that would show that the burden should be By that argument, isn't every including but not limited to clause misleading in the same way? Because if you read it sloppily, you think, oh, it doesn't really mean all assets. Well, if it's If the idea is to protect people who might read it sloppily rather than carefully, then you should never have anything beyond all assets. You shouldn't. Because if it's drafted sloppily, that should be the risk of the lender. But now you're taking back what you just said before. Because you said before that if the word and were not there, there would be no problem. Now you're telling us there's a problem because any including but not limited to language is surplusage and therefore is seriously misleading. You can't have it both ways. That's not what I'm saying, Your Honor. I'm saying that this particular description, the including but not limited to, is reasonably interpreted to be including but not limited to all assets at that location, which is different from just including but not limited to. If you just had all assets including but not limited to everything, all right, that would be fine. If you had including but not limited to assets located at this location, but the conjunctive and is what creates the issue. Well, unless you had including but not limited to the IBM mainframe computer and the book of business, now you've got an and, and you've got two things specified. Does that mean that the second one shouldn't be there? Because that's, I mean. Well, sure, you can list everything. But, see, the difference is the description doesn't, it sticks out like a sore thumb that you've got the location. And at this location. That's the difference. If the and wasn't there or if you were just going through a list of assets and you added more assets, it's different. I know you want to, you're not reserving rebuttal. We'll hear from Mr. Graber. Thank you. Gary Graber of Hutch and Russ LLP for First Niagara Bank. May it please the court. Mr. Baumeister did misspeak and I assume he didn't mean to do so. But in fact, both courts below, the bankruptcy court and the district court found that the language was not ambiguous. And they did that in much the same way as Judge Lynch just did, Judge Kaplan did at least. By saying a simple paraphrasing of the language here at issue generates a clear and simple meaning. It's obvious that the intended structure of the language in question was this. This lien covers all assets of the debtor, including X, Y, and Z located at this address. But the collateral is not limited to X, Y, and Z. There's a similar statement in Judge Scratney's opinion. So they both found it unambiguous. However, they did go on to address the concern that had been raised that it could be ambiguous, coming largely from the linguist and the banker whose affidavits were included in the record. And they correctly found that what we have with the UCC is a notice inquiry system. And the language, which is all in 9502 and 9506 with the commentaries to each, which are in the record, basically set forth the requirement that there be a collateral indication. That there may be errors and omissions, but that doesn't nullify the statement unless it's seriously misleading. And they both went on to find that even if the language could be considered ambiguous, it was not seriously misleading, therefore, even that argument has to fail. Ambiguous means susceptible of two meanings, and they both relied on the pro-growth case. If any ambiguity were deemed seriously misleading, you wouldn't need a seriously misleading, you'd say any ambiguity is read against that person. That's correct, Your Honor. And just to put it, and I'm not going to rehash everything that's been said here, but just to put it in a commercial context, a searcher is going to be a prospective additional lender. And there's no lender out there in any aspect of commercial reality who's going to lend unless he or she is sure that they're going to wind up with what they think they're going to wind up with. And if there's any question as to whether or not this lien covers collateral that the subsequent lender is interested in, then as the cases that are cited in both briefs indicate, they're on a duty of inquiry to determine any ambiguities that may exist. And that is what the courts added to their finding that it was not ambiguous. My opponent doesn't agree with that, but we think the authorities relied on by both judges below, win the day, especially through the pro-growth case and the DNL equipment case. Thank you. Thank you, Your Honor. All right, we'll take the case under advisement.